### THE CASCADE.

(District Court, E. D. New York. November 3, 1916.)

INJUNCTION &#8694;26(6)—PROCEEDINGS FOR LIMITATION OF LIABILITY—RESTRAINING ORDERS.

    An insurance carrier for an employer under the New York Workmen's Compensation Law (Consol. Laws, c. 67) is primarily and not secondarily liable for any award made against the employer by the State Industrial Commission, and is not entitled, in proceedings by the employer for limitation of liability as a vessel owner, to an order restraining the Commission from maintaining an action against it on its policy to recover on such an award.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 35.]

In Admiralty. Petition of the Merritt & Chapman Derrick & Wrecking Company, owner of the wrecking pump boat Cascade, for limitation of liability. On application of the New Amsterdam Casualty Company for restraining order. Denied.

Carter & Carter, of New York City (Peter S. Carter, of New York City, of counsel), for petitioner.

Robert W. Bonynge, of New York City, for respondent.

VEEDER, District Judge. This is an application by the New Amsterdam Casualty Company for an order restraining the State Industrial Commission of the state of New York from instituting or prosecuting suits against it, as insurance carrier for petitioner, in respect of any claim for damage sustained by any person in the accident referred to in the petition for limitation of liability filed in this court on February 25, 1916, and in particular restraining the State Industrial Commission of the state of New York and its attorney from the further prosecution of the suit commenced by the said State Industrial Commission against the New Amsterdam Casualty Company, as insurance carrier for the petitioner herein, and now pending in the Supreme Court, County of New York, in the name of the people of the state of New York, plaintiff, against New Amsterdam Casualty Company, defendant, for failure to pay compensation due under an award made by the State Industrial Commission.

It appears that on December 23, 1915, one Harry Hanson, a submarine diver employed by the petitioner, lost his life while engaged with the petitioner's wrecking pump boat Cascade in raising a mud scow which had sunk in the East River off the foot of Fifty-Seventh street, Brooklyn. On January 18, 1916, Hanson's widow applied to the State Industrial Commission for an award of compensation pursuant to the Workmen's Compensation Law (Consol. Laws N. Y. ch. 67). After a hearing the Commission made an award of $5,882.68 on February 2d, notice of which was given three days later to the petitioner, as employer, and to the New Amsterdam Casualty Company, its insurance carrier, under the Compensation Law. Thereupon, on February 25th, the petitioner filed a petition in this court for limitation of its liability to the value of the pumping boat, pursuant to Rev. St. U. S. §§ 4283–4285 (Comp. St. 1913, §§ 8021–8023); and on the same day an order of this court appointed a commissioner to receive proof of claims, directed the issue of monition, appointed a commissioner to appraise the value of the Cascade, and enjoined suits against the petitioner in the following terms:

"Ordered, that until the final judgment of this court shall be rendered herein, or further order herein, all person or persons and the State Industrial Commission of the state of New York are hereby restrained and enjoined from instituting or prosecuting any suit or suits against the petitioner in respect of any claim or claims for damage, loss, or injury alleged to have been suffered by him or them, growing out of the disaster or accident referred to in said petition."

The monition was served on the Commission February 25th. An amended order of this court, dated March 3d, directed that—

"this order and the monition herein be served upon the New Amsterdam Casualty Company, insurance carriers for said petitioner, and that a copy of the order of February 25, 1916, be also served upon them, including them by such service in the stay therein contained."

That is to say, the Casualty Company was thereby expressly—

"restrained and enjoined from instituting or prosecuting any suit or suits against the petitioner in respect of any claim or claims for damage, loss or injury * * * growing out of the disaster or accident referred to in said petition."

The Commissioner proceeded to appraise the value of the Cascade, and on March 27th filed his report fixing her value at $2,500, and on May 3d this report was confirmed. Meanwhile, no part of the award made by the Industrial Commission on February 2d having been paid, the Commission on March 29th commuted its award to a lump sum and directed that suit be brought against the Casualty Company, which was done May 6th.

A prior application for the same relief was denied June 6, 1916, because it was made, not by the Casualty Company, but by the attorney for the petitioner in the limitation of liability proceeding, and the petitioner's interest in the application did not appear. The latter consideration is decisive of the present application. The Casualty Company's claim for relief is based upon the assertion that it is secondarily liable for any award made against the petitioner. But according to the express terms of its insurance policy, as well as of the New York Workmen's Compensation Law, under which it was issued, the Casualty Company is primarily liable upon its direct obligation. Indeed, its counsel admitted at the hearing that under no circumstances could the Casualty Company have recourse to the Merritt & Chapman Derrick & Wrecking Company for any payment made under the policy. The Casualty Company, under its policy, undertook to pay the compensation that might be awarded against the employer. The State Industrial Commission has brought suit on that policy, in accordance with its right under the Workmen's Compensation Law. If the Casualty Company has any defense, it may be urged in that suit.

The application is denied. I am authorized to state that Judge CHATFIELD concurs in this disposition of the application.